IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HILDA SOLIS, Secretary of )
Labor, United States )
Department of Labor, )
 )
    Plaintiff, )
 )
v. ) 1:09cv1351 (LMB/IDD)
 )
GLOBAL SYSTEM ENTERPRISES, )
INC., et al., )
 )
    Defendants. )

## ORDER

On July 19, 2010, a magistrate judge issued a Report and Recommendation ("Report") in which he recommended that a default judgment be entered in the plaintiff's favor against the defendants, Global System Enterprises ("Global System") and State Street Bank and Trust Co. ("State Street Bank") for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The plaintiff filed this action under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, which provide the Secretary the power to enforce Title I of ERISA. The Report advised the parties that any objection to either its findings or its recommendations had to be filed within fourteen (14) days and that failure to file timely objections would waive appellate review of any judgment based on it. As of August 11, 2010, neither party has filed an objection.

The magistrate judge correctly found that this Court has

subject matter jurisdiction over this civil action and venue is proper in this district under Section 502(e)(1) and (2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (2), because the 401(k) plan at issue (the "Plan") is administered from the defendant Global System's principal place of business within this district. This Court has personal jurisdiction over defendant Global System because the defendant is a Virginia corporation with its principal place of business in this district and because a substantial part of the conduct giving rise to the plaintiff's claim occurred in this district. This Court has personal jurisdiction over defendant State Street Bank because it is a trustee of the Plan, which is administered in this district, through a Virginia corporation.

Defendant Global System is no longer in business and could not be located at its last known address, but the plaintiff properly effectuated service of process on Global System by substituted service. The plaintiff served the Clerk of the State Corporation Commission, under Va. Code Ann. §§ 13.1-637(B) and 12.1-19.1. (Dkt. No. 3 at 2). On December 30, 2009, the Clerk of the Commission mailed a copy of the complaint to Global System's address of record with the State Corporation Commission and on December 31, 2009, the Clerk of the Commission filed a Certificate of Compliance. (Dkt. No. 3). Defendant State Street Bank filed a Waiver of Service of Summons on February 22, 2010, through its Vice President and Senior Litigation counsel. As of

August 11, 2010, neither defendant has filed any responsive pleadings or otherwise responded to the plaintiff's Complaint or Motion for Entry of Default Judgment.

Having fully reviewed the Report, case file, and plaintiff's Motion for Entry of Default Judgment with its attachments, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. On April 1, 2003, defendant Global System, a now-dissolved Virginia Corporation, created the Plan, a 401(k) employee benefit plan within the meaning of Section 3(3) of ERISA. State Street Bank, the trustee and custodian of the plan, and Global System are fiduciaries to the Plan under ERISA § 3(21) and are also parties in interest with respect to the Plan under ERISA § 3(14)(A). Global System stopped operating its business in May 2005, but afterwards failed to take fiduciary responsibility for the operation and administration of the Plan and failed to appoint a successor to its operation. As of September 4, 2009, the Plan had $60,257.07 in assets and eight participants, who are still entitled to a distribution of the Plan's funds. Global Systems[1] has violated Sections 402(a), 404(a)(1)(A), (a)(1)(B) and (a)(1)(D) of ERISA, by failing to manage and administer the Plan, to provide benefits to

---

[1] Plaintiff admits that State Street Bank has not violated ERISA, as it is unable to distribute any assets without direction from Global System. State Street Bank is named as a defendant in this action to ensure that the Plan participants and beneficiaries receive complete relief.

participants and beneficiaries of the Plan, and to discharge its duties "with care, skill, prudence, and diligence" and "in accordance with the documents and instruments governing the plan." 29 U.S.C. §§ 1102(a) and 1104(a)(1)(B) and (a)(1)(D). The Court agrees with the magistrate judge that there is good cause to grant the relief requested, which is removal of the defendants as fiduciaries to the Plan, appointment of an independent fiduciary of the Plan, and an award of costs from the Plan's assets to the independent fiduciary to administer the Plan.

Accordingly, the plaintiff's Motion to Enter Default Judgment [16] is GRANTED, and it is hereby

ORDERED that the plaintiff's proposed Order of Default Judgment be and is entered.

To appeal this decision, the defendant must file a Notice of Appeal in writing with the Clerk of this court within sixty (60) days of receipt of this Order. Failure to file a timely Notice of Appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 55 in favor of the plaintiff and to forward copies of this Order to counsel of record for the plaintiff and to the defendants at their addresses of record, by certified mail, return receipt requested.

Entered this 11th day of August, 2010.

Alexandria, Virginia

4

/s/
Leonie M. Brinkema
United States District Judge